NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BARNERT HOSPITAL, et al., ) | |
| ) | Hon. Harold A. Ackerman |
| Plaintiffs, ) | Civil Action No. 06-3266 (HAA) |
| v. ) | **OPINION AND ORDER** |
| ) | **ADOPTING MAGISTRATE** |
| HORIZON HEALTHCARE SERVICES, ) | **JUDGE'S REPORT AND** |
| INC., d/b/a HORIZON BLUE CROSS ) | **RECOMMENDATION** |
| BLUE SHIELD OF NEW JERSEY, et al., ) | |
| Defendants. ) | |

Jeffrey S. Brown, Esq.
Philip C. Chronakis, Esq.
GARFUNKEL, WILD & TRAVIS, P.C.
411 Hackensack Avenue, 6th Floor
Hackensack, New Jersey 07601
*Attorneys for Plaintiffs*

Philip R. Sellinger, Esq.
GREENBERG TRAURIG, LLP
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932-0677
*Attorneys for Defendants*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on the motion to remand filed by Plaintiffs, approximately 21 New Jersey hospitals ("Plaintiffs"). The Court referred this motion to Magistrate Judge Esther Salas, who heard oral argument on February 21, 2007 and entered a written Report and Recommendation ("R&R") on March 20, 2007. Magistrate Judge Salas

1

recommended that Plaintiffs' motion be granted and that this case be remanded to the Superior Court of New Jersey.  The docket indicates that both Plaintiffs and Defendants have been served with the R&R, and that no objections to the R&R have been filed within the 10-day period established by Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.1(c)(2).

A court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  While this Court need not review a Magistrate Judge's report before adopting it when no objections have been filed, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit has held that "the better practice is to afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."  *Id.* at 878.

This Court has carefully reviewed Magistrate Judge Salas's R&R.  In her thorough and well-reasoned opinion, Magistrate Judge Salas concluded that Plaintiffs could not have brought suit under ERISA and therefore the underlying claims are not preempted by ERISA.  Magistrate Judge Salas properly applied the approach laid out by the Third Circuit in *Pascack Valley Hospital, Inc. v. Local 646A UCFW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004) and applied by this Court in *Englewood Hospital and Medical Center v. AFTRA Health Fund*, Civil No. 06-6037 (D.N.J. Dec. 12, 2006).  In *Englewood*, this Court adopted a Report and Recommendation of Magistrate Judge Mark Falk suggesting that a case quite similar to the

instant case be remanded.  In *Pascack*, *Englewood*, and the instant matter, Plaintiffs' claims are not "inextricably intertwined" with the terms of an ERISA plan and are predicated on a legal duty independent of ERISA.  (R&R at 18.)  As in *Englewood*, coverage and eligibility under an ERISA plan are not at issue here; rather, the parties' dispute centers on the proper amount that the Hospital Plaintiffs should have been reimbursed by Defendants.  As Magistrate Judge Salas concluded, "[t]he Plaintiffs' right to recovery, then, if it exists at all, depends entirely on the operation of third-party contracts executed by the Plan that are independent of the Plan itself." (*Id.*)  After a thorough review of the record and the R&R, the Court agrees with Magistrate Judge Salas's reasoning and conclusion.

It is therefore hereby ORDERED that Magistrate Judge Salas's March 20, 2007 Report and Recommendation is ADOPTED and Plaintiffs' motion to remand is GRANTED.  It is hereby further ORDERED that this case is REMANDED to the Superior Court of New Jersey, Law Division, Bergen County.


Newark, New Jersey
Dated: April 11, 2007


/s Harold A. Ackerman
U.S.D.J.